*OLF3 (Official Local Form 3)*

*Effective December 1, 2017*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In re:                                                          Case No.:  **17-12858**

    **Sherry Pina**                                        Chapter 13
               Debtor(s)

### CHAPTER 13 PLAN

*Check one.* This plan is:

☐ Original
☒ Amended *(First)*
☐ Postconfirmation *(Date Order Confirming Plan Was Entered:* _____ *)*

Date this plan was filed:  **March 14, 2018**

| PART 1: | NOTICES |
|---|---|

**TO ALL INTERESTED PARTIES:**

You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**

Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**

You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☒ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3).** | ☒ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☒ Not Included |

| PART 2: | PLAN LENGTH AND PAYMENTS |
|---|---|

**A.**  **LENGTH OF PLAN:**

☐      36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐      60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☒      60 Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:
Feasibilty

**B.**    **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| $168.857 | 7 |
| $520.00 | 53 |

**C.**    **ADDITIONAL PAYMENTS:**

*Check one.*

☒    **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**    **$28,690.46**
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3:                                    SECURED CLAIMS

☐    **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.**    **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☒    **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
    *Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
Address of the Principal Residence:    **181 Braley Road East Freetown, MA**
The Debtor(s) estimates that the fair market value of the Principal Residence is: $    **$323,951.00**

| Name of Creditor | Type of Claim *(e.g., mortgage, lien)* | Amount of Arrears |
|---|---|---|
| **Ocwen Loan Servicing LLC** | **Mortgage** | **$23,821.42** |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $**23,821.42**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral *(or address of real property)* | Amount of Arrears |
|---|---|---|---|
|  |  |  |  |

Total of prepetition arrears on Secured Claim(s) (Other): $**0.00**
**Total prepetition arrears to be paid through this Plan [(a) + (b)]: $23,821.42**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid *directly* by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Ocwen Loan Servicing LLC | Mortgage | 181 Braley Road East Freetown, MA 02717  Bristol County |
| United Consumer Finance | Automobile Loan | 2005 Ford Expedition |

**B.    MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

☒    **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** *Complete 1, 2, and/or 3 below.*

      **(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

☒    **None.** *If "None" is checked, the rest of Part 3.B.1 need not be completed and may be deleted from this Plan.*

      **(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

☒    **None.** *If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.*

      **(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

☐    **None.** *If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.*

*The following Plan provisions of Part 3.B.3 are effective only if the box "Included" in Part 1, Line 1.2 is checked.*

The judicial lien(s) and/or nonpossessory, nonpurchase-money security interest(s) securing the claim(s) listed below impairs exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b).

Subject to 11 U.S.C. § 349(b), a judicial lien or nonpossessory, nonpurchase-money security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the Order confirming this Plan. The amount of the judicial lien or nonpossessory, nonpurchase-money security interest that is avoided will be treated as a nonpriority unsecured claim in Part 5 if a Proof of Claim has been filed and allowed. The amount, if any, of the judicial lien or nonpossessory, nonpurchase-money security interest that is not avoided will be paid in full as a secured claim under this Plan provided a Proof of Claim is filed and allowed.

*For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall include the information below. The Debtor(s) also shall complete the chart set forth in Exhibit 3 to this Plan and shall attach to Exhibit 3 a true and accurate copy of the document evidencing such judicial lien as filed or recorded with filing or recording information included. The Debtor(s) shall include the evidentiary basis for the valuation asserted. For each judicial lien that the Debtor(s) seeks to avoid, the Debtor(s) shall provide a proposed form(s) of order as Exhibit 4 conforming to Official Local Form 21A. If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table in Exhibit 3 for each lien, and identify the tables as Exhibit 3.1, 3.2, etc.*

*The claim(s) identified below must also be set forth in Exhibit 3.*

| Name of Creditor | Exhibit Table (*e.g., 3.1, 3.2, 3.3*) |
|---|---|
| **FIA Card Services, NA** | 3.1 |

**Total Claim(s) under Part 3.B.3 to be paid through this Plan: $0.00**

**C.    SURRENDER OF COLLATERAL:**

*Check one.*

☒    **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

*Check one*

☐    **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☒    **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $0.00

**C.    ADMINISTRATIVE EXPENSES:**

**(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Richard D. Smeloff | $2,000.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

**(2) OTHER** *(Describe)*:

| |
|---|
| -NONE- |

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $2,000.00

**(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5:                                      NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐    **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*

☒    **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $\_\_, which the Debtor(s) estimates will provide a dividend of \_\_%.

☒ Fixed Percentage: each creditor with an allowed claim shall receive no less than **0** % of its allowed claim.

**A.** **GENERAL UNSECURED CLAIMS:**                                                              $**5,764.67**

**B.** **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**C.** **NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**D.** **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.** **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: $**5,764.67**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $**0.00**

**F.** **SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $**0.00**

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |
|---|---|

*Check one.*

☒        **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |
|---|---|

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |
|---|---|

☒        **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*

☐        **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

## PART 9:                                    SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| | |
|---|---|
| **/s/ Sherry Pina** | **March 14, 2018** |
| **Sherry Pina** | Date |
| Debtor | |
| | |
| Debtor | Date |

**/s/ Richard D. Smeloff**                          Date **March 14, 2018**
Signature of attorney for Debtor(s)
**Richard D. Smeloff**
**Smeloff & Associates**
**500 Granite Ave**
**Suites 7&8**
**Milton, MA 02186**
**617-690-2124**
**rsmeloff@msn.com**

The following Exhibits are filed with this Plan:
☒ **Exhibit 1: Calculation of Plan Payment***
☒ Exhibit 2: Liquidation Analysis*
☒ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☒ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

| |
|---|
| *List additional exhibits if applicable.* |
| |

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 11**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | **$23,821.42** |
| b) | Priority claims (Part 4.A and Part 4.B Total): | **$0.00** |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | **$2,000.00** |
| d) | Nonpriority unsecured claims (Part 5.E Total): | **$0.00** |
| e) | Separately classified unsecured claims (Part 5.F Total): | **$0.00** |
| f) | Executory contract/lease arrears claims (Part 6 Total): | **$0.00** |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | **$25,821.42** |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | **$28,690.46** |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | |
| j) | Round **up** to the nearest dollar amount for Plan payment: | |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following*:

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | **$1,182.00** |
| l) | Subtract line (k) from line (h) and enter amount here: | **$27,508.46** |
| m) | Divide line (l) by the number of months remaining ( months): | **53** |
| n) | Round up to the nearest dollar amount for amended Plan payment: | **$520.00** |

Date the amended Plan payment shall begin:     **March 2018**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

### A. REAL PROPERTY

| Address<br>(*Sch. A/B, Part 1*) | Value<br>(*Sch. A/B, Part 1*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **181 Braley Road East Freetown, MA 02717  Bristol County** | **323,951.00** | **252,744.67** | **125,000.00** |

| | |
|---|---|
| **Total Value of Real Property** (*Sch. A/B, line 55*): | **$ 323,951.00** |
| **Total Net Equity for Real Property** (*Value Less Liens*): | **$ 71,206.33** |
| **Less Total Exemptions for Real Property** (*Sch. C*): | **$ 71,206.33** |
| **Amount Real Property Available in Chapter 7:** | **$ 0.00** |

### B. MOTOR VEHICLES

| Make, Model and Year<br>(*Sch. A/B, Part 2*) | Value<br>(*Sch. A/B, Part 2*) | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **2005 Ford Expedition 146,000 miles** | **4,525.00** | **5,754.00** | **0.00** |

| | |
|---|---|
| **Total Value of Motor Vehicles** (*Sch. A/B, line 55*): | **$ 4,525.00** |
| **Total Net Equity for Motor Vehicles** (*Value Less Liens*): | **$ 0.00** |
| **Less Total Exemptions for Motor Vehicles** (*Sch. C*): | **$ 0.00** |
| **Amount Motor Vehicle Available in Chapter 7:** | **$ 0.00** |

### C. ALL OTHER ASSETS (*Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.*)

| Asset | Value | Lien<br>(*Sch. D, Part 1*) | Exemption<br>(*Sch. C*) |
|---|---|---|---|
| **Household Furnishings** | **2,000.00** | **0.00** | **2,000.00** |
| **Misc. Electronics** | **725.00** | **0.00** | **725.00** |
| **Clothing** | **0.00** | **0.00** | **0.00** |
| **Misc. Jewelry** | **300.00** | **0.00** | **300.00** |
| **Cash** | **25.00** | **0.00** | **25.00** |
| **Checking: New Bedford Credit Union** | **1,420.00** | **0.00** | **1,420.00** |
| **Savings: New Bedford Credit Union** | **5.00** | **0.00** | **5.00** |
| **Savings: New Bedford Credit Union** | **5.00** | **0.00** | **5.00** |

| | |
|---|---|
| **Total Value of All Other Assets:** | **$ 4,480.00** |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | **$ 4,480.00** |
| **Less Total Exemptions for All Other Assets:** | **$ 4,480.00** |
| **Amount of All Other Assets Available in Chapter 7:** | **$ 0.00** |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $                    0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $                    0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $                    0.00 |

**TOTAL AVAILABLE IN CHAPTER 7:**          $                    0.00

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

**EXHIBIT 3.1**
**TABLE FOR LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f)**

*If the Debtor(s) is avoiding more than one lien, the Debtor(s) shall provide the information in a separate table for each lien and identify the table as Exhibit as 3.1, 3.2, etc. to correspond with the list of liens in Part 3.B.3.*

| | | |
|---|---|---|
| **Information Regarding Judicial Lien or Security Interest** | | |
| Name of Debtor(s):* | **Sherry Pina** | |
| Name of Creditor: | **FIA Card Services, NA** | |
| Collateral: | **181 Braley Road East Freetown, MA 02717  Bristol County** | |
| Lien Identification:** (Such as judgment date, date of lien recording, book and page number.) | **Judgment Lien** **Book 7329 Page 34** | |
| **Calculation of Lien Avoidance** | | |
| (a) Amount of lien: | **$  5,361.67** | |
| (b) Amount of all other liens (exclusive of liens previously avoided or avoided pursuant to this Plan): | **$  247,383.00** | |
| (c) Value of claimed exemptions: | **$  125,000.00** | |
| (d) Total (a), (b), and (c): | **$  377,744.67** | |
| (e) Value of interest in property of the Debtor(s):*** | **$  323,951.00** | |
| (f) Subtract (e) from line (d): | **$  53,793.67** | |
| Extent of exemption impairment: (check applicable box below) | | |
| ☒ The entire lien is avoided as (f) is equal to or greater than (a). (*Do not complete the next section.*) | | |
| ☐ A portion of the lien is avoided as (f) is less than (a). (*Complete the next section.*) | | |
| **Treatment of Remaining Secured Claim** | | |
| Amount of secured claim after avoidance (*subtract (f) from (a)*): | **$** | |
| Interest Rate (if applicable): | % | |
| Monthly payment on secured claim | **$** | |
| Estimated total payment on secured claim | **$** | |
| *In a joint case, specify whether the lien to be avoided is on an interest of an individual debtor or the joint debtors. | ☐ Individual Debtor | ☐ Joint Debtors |
| | Name: | |
| **Attach a true and accurate copy of the document or the instrument evidencing such lien as filed or recorded with filing or recording information included. | | |
| ***Describe the evidentiary basis for the value of the interest in property of the Debtor(s): | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

*OLF21A (Official Local Form 21A)*

**EXHIBIT 4.1**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

In re:                                                                                          Case No.:  **17-12858**

**Sherry Pina**                                                                          Chapter 13

Debtor(s)

**ORDER AVOIDING LIEN IMPAIRING EXEMPTION***

Upon consideration of 1) the Chapter 13 Plan (the "Plan"), through which the Debtor(s) made a request to avoid the lien of  **FIA Card Services, NA**  pursuant to 11 U.S.C. § 522(f) as impairing the exemption of the Debtor(s); 2) the calculation of impairment set forth in Exhibit 3 to the Plan; 3) the Schedule of Exemptions filed by the Debtor(s); 4) the absence of an objection to the avoidance of the lien or the Court having overruled any and all objections to the request for lien avoidance in the Plan; 5) the entire record of proceedings in this case; 6) the Confirmation Order; and 7) the provisions of 11 U.S.C. § 522(f)(1) and (2), Fed. R. Bankr. P. 4003 and MLBR 4003-1,

The Court hereby orders and decrees that the lien of  **FIA Card Services, NA**  recorded on  at  at  impairs the Debtor(s)' exemption in  **181 Braley Road East Freetown, MA 02717  Bristol County**  (the "Exempt Property") and declares that the lien covering the interest in exempt property of the Debtor(s) is avoided in its entirety [or avoided in part].

Pursuant to 11 U.S.C. § 349(b)(1)(B), the avoided lien shall be reinstated if the case is dismissed unless the Court, for cause, orders otherwise.

By the Court,

_____
United States Bankruptcy Judge

*\* This Exhibit may be modified to address each lien listed in Table*

Page 11 of 11

Bk: 07329 Pg: 34



Bk: 7329 Pg: 34   Doc: EXON
Page: 1 of 2   12/01/2009 01:00 PM

| EXECUTION | DOCKET NUMBER 200933CV000968 | Trial Court of Massachusetts District Court Department |
|---|---|---|

CASE NAME  FIA CARD SERVICES, N.A.  vs.  SHERRY L. PINA

| JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED P01  FIA CARD SERVICES, N.A. | CURRENT COURT New Bedford District Court 75 North Sixth Street New Bedford, MA 02740-6141 (508) 999-9700 |
|---|---|

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION P01  JOHN D. YELLIN YELLIN AND GOLDNER 2000 COMMONWEALTH AVENUE NEWTON, MA 02466 | FURTHER ORDERS OF THE COURT |
|---|---|

JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED
D01  SHERRY L. PINA
131 BRALEY ROAD
E FREETOWN, MA 02717

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. c. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) named above has recovered judgment against the judgment debtor named above in the amount shown below.

WE COMMAND YOU, therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. If must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged

| 1. Judgment Total | $5,340.60 |
|---|---|
| 2. Date Judgment Entered | 10/22/2009 |
| 3. Date Execution Issued | 11/03/2009 |
| 4. Number of Days from Judgment to Execution  (Line 3 - Line 2) | 12 |
| 5. Annual Postjudgment Interest Rate of 12.00% / 365 = Daily Interest Rate | 0.032877% |
| 6. Postjudgment Interest from Judgment to Execution (Lines 1x4x5) | $21.07 |
| 7. Postjudgment Costs (if any) | $0.00 |
| 8. Credits (if any) | $0.00 |
| 9.  EXECUTION TOTAL ( Lines 1 + 6 + 7, minus Line 8) | $5,361.67 |

LEVYING OFFICER:   (a) Add daily interest from date execution issued.

(b) Add your fees as provided by law.

| TESTE OF FIRST JUSTICE WITNESS:   Hon. Bernadette L. Sabra | DATE EXECUTION ISSUED 11/03/2009 | CLERK-MAGISTRATE/ASST. CLERK X |
|---|---|---|

Date/Time Printed   11/03/2009 09:09 AM

FORM NO.

BRISTOL COUNTY DEPUTY SHERIFF



ROBERT P. HORTA
DEPUTY SUPERINTENDENT

**THE COMMONWEALTH OF MASSACHUSETTS**
**OFFICE OF THE SHERIFF**
*County of Bristol*

**THOMAS M. HODGSON, SHERIFF**
188 Court Street – P.O. BOX 8928 – New Bedford, Massachusetts 02749-8928

TEL: 508-992-6631
FAX: 508-991-6016

Date: 12/1/2009

Plaintiff: FIA Card Services, N.A.

Plaintiff's Attorney   Yellin & Goldner
Attorneys At Law
2000 Commonwealth Avenue
Newton, MA 02166
Attorney's telephone number (617)332-0400

Defendant:   Sherry L Pina
181 Braley Road
East Freetown, MA 02717

Book: 5792 Page: 259

Court of Issue: New Bedford District (Bristol)   Execution # 200933CV000966

That certain tract or parcel of land, with all the buildings and improvements thereon,
situated in Freetown, County of Bristol, State of Massachusetts is bounded and described
as follows:

However otherwise bounded and described being shown as lot 6 B, containing 127,663
square feet of land more or less on a plan of land entitled "Plan of Land situated in
Freetown, MA surveyed for Ethel S. Pina May 6, 2003 Scale: 1"=40' Earl O. Phillips, Jr.
Registered Professional Land Surveyor 203 Belleville Road, New Bedford, MA 02745
508-999-5830", recorded in the Fall River District Registry of Deeds, Plan Book 127,
page 75.

By virtue of the attached execution, the original of which is in my hands for the purpose of taking
the above described real estate, I have this day levied upon, seized and taken all right, title and interest
that the within named Judgment Debtor had in such real estate in the Fall River District of Bristol County

Attached is a true copy of this execution on the above so much of my return as relates to the
levying upon, seizure, and taking of this real estate on the execution.

And immediately afterward, I suspended the further levy on this execution upon the above
described real estate by written request of the attorney for the within named judgment creditor.

Deputy Sheriff

**Bk: 07757 Pg: 60**



Bk: 7757 Pg: 60   Doc: DEED
Page: 1 of 2   09/29/2011 03:49 PM

## QUITCLAIM DEED

WE, Sherry L. Burris, f/k/a Sherry L. Pina, and Mark K. Burris, in consideration of the sum of One Dollar ($1.00), and good and valuable consideration paid as provided in a Separation Agreement dated August 2, 2011, in the matter of Sherry L. Burris v. Mark K. Burris, Bristol Probate & Family Court, Docket No. 90D 1152-DR, grants to Sherry L. Burris, f/k/a Sherry L. Pina, with *QUITCLAIM COVENANTS*, those certain tracts or parcel of land more particularly described as follows

That certain tract or parcel of land, with all the buildings and improvements thereon, situated in Freetown, County of Bristol, State of Massachusetts, is bounded and described as follows:

However otherwise bounded and described being shown as Lot 6 B, containing 127,663 square fee of land more or less on a Plan of Land entitled "Plan of Land situated in Freetown, MA, surveyed for Ethel S. Pina, May 6, 2003, Scale: 1" = 40", Earl O. Phillips, Jr., Registered Professional Land Surveyor, 203 Belleville Road, New Bedford, MA 02745, 508-999-5830", recorded in the Fall River District Registry of Deeds, Plan Book 127, Page 75.

Being a portion of the same premises conveyed to me by Deed of Julia Fortes, dated April 1, 1982, and recorded in the Bristol County Fall River District Registry of Deeds, Plan Book 1388, Psages 37-38.

For title see Deed dated March 25, 2005, Sherry L. Pina to Sherry L. Pina and Mark K. Burris, recorded in Bristol County Fall River District Registry of Deeds, Book 5792, Page 259.

Witness our hands and seals this _2_ day of August, 2011.

Sherry L. Pina Burris, f/k/a
Sherry L. Pina

Mark K. Burris

PROPERTY ADDRESS: 181 Braley Road, East Freetown, MA 02717

Bk: 07757 Pg: 61

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

On this 1st day of August, 2011, before me, the undersigned notary public, personally appeared **Sherry L. Burris**, proved to me through satisfactory evidence of identification, which was a Massachusetts driver's license, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

Notary Public TURNER F. DELANO
My Commission Expires: 7/28/14

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

On this $2$ day of August, 2011, before me, the undersigned notary public, personally appeared **Mark K. Burris**, proved to me through satisfactory evidence of identification, which was a Massachusetts driver's license, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Notary Public
My Commission Expires: 8/13/15

ATTEST: BR. COUNTY, F.R. DIST., Bernard J. McDonald [1]

7/13/2017

# Fwd: CMA 181 Braley RD

SP    **Sherry Pina** <spina02458@gmail.com>                    ⟲    ↩ Reply all | ⌄
Today, 3:52 PM
Sherry Pina ⌄

Inbox

To help protect your privacy, some content in this message has been blocked. To re-enable the blocked features, click here.

To always show content from this sender, click here.

Sent from my iPhone

Begin forwarded message:

> **From:** "Athena Tetrault" <FR800232@mlspin.net>
> **Date:** July 13, 2017 at 1:18:25 PM EDT
> **To:** <spina02458@gmail.com>
> **Subject: CMA 181 Braley RD**
> **Reply-To:** <athenatetrault@yahoo.com>
>
> Thank you for the opportunity to provide you with this CMA. In my professional opinion , the sales price of your home would be around $290,00.00. If you have any questions, please feel free to call me at 508-951-0450.
>
> Have a great day.
>
> Athena Tetrault, Broker
> Tetrault Realty
> AthenaTetrault@yahoo.com
> Cell: 508-951-0450

---

### Comparative Market Analysis

To establish market value of

**181 Braley RD**
**Freetown, MA**

**Market Analysis Summary**
**Prepared for Sherry Pina**

Properties Recently Sold

Price Range: $284,800 to $339,900
Average Price: $316,050
Median Price: $319,750

| Address | City | Beds | Baths Full | Half | Living Area (Square Feet) | Days on Market | List Price | Sale Price | SP% of LP |
|---------|------|------|-----------|------|---------------------------|----------------|-----------|-----------|-----------|
| 45 Malbone Rd | Freetown, MA | 3 | 1 | 1 | 1632 | 41 | $284,900 | $284,800 | 100% |
| 6 Tanglewood Dr | Freetown, MA : East Freetown | 3 | 2 | 0 | 1344 | 24 | $315,000 | $319,500 | 101% |
| 74 Chipaway Rd | Freetown, MA : East Freetown | 3 | 2 | 0 | 1917 | 33 | $320,000 | $320,000 | 100% |
| 65 Chipaway Rd | Freetown, MA : East Freetown | 3 | 3 | 0 | 2657 | 15 | $339,900 | $339,900 | 100% |

| www.TetraultRealty.com * Phone: 508-995-2073 |
|---|
| **Property Comparisons** <br> **Prepared for Sherry Pina** |

| | 45 Malbone Rd <br> Freetown, MA 02702 | 6 Tanglewood Dr <br> Freetown, MA 02717 | 74 Chipaway Rd <br> Freetown, MA 02717 |
|---|---|---|---|
| MLS # | 72101173 | 72118201 | 72154377 |
| Status | Sold | Sold | Sold |
| List Price | $284,900 | $315,000 | $320,000 |
| Sale Price | $284,800 | $319,500 | $320,000 |
| List Date | 12/13/2016 | 2/11/2017 | 4/27/2017 |

| | | | |
|---|---|---|---|
| Sale Date | 3/27/2017 | 4/3/2017 | 6/28/2017 |
| Days on Market | 41 | 24 | 33 |
| Style | Garrison | Ranch | Colonial |
| Bedrooms | 3 | 3 | 3 |
| Full Baths | 1 | 2 | 2 |
| Half Baths | 1 | 0 | 0 |
| Total Rooms | 6 | 6 | 6 |
| Square Feet | 1632 | 1344 | 1917 |
| Acres | 4.66 | 1.06 | 1.52 |
| Lot Size (sq.ft.) | 202990 | 46174 | 66211 |
| Year Built | 1993 | 1976 | 1978 |
| Fireplaces | 0 | 2 | 1 |
| Garage Spaces | 0 | 2 | 1 |
| Garage Desc | | Attached | Attached |
| Basement Desc | Full, Interior Access, Concret... | Full, Partially Finished, Inte... | Full, Interior Access |
| Int. Features | | Cable Available, Finish - Shee... | |
| Ext. Features | Deck, Covered Patio/Deck, Gutters | Porch, Deck - Composite, Gutte... | |
| Sewer & Water | | | |
| Waterfront | | | |

| Assessed Value | $296,600 | $252,000 | $280,800 |
|---|---|---|---|
| Taxes | $3,882 | $3,299 | $3,740 |
| Tax Year | 2016 | 2016 | 2017 |

| www.TetraultRealty.com * Phone: 508-995-2073 |
|---|
| **Property Comparisons**<br>**Prepared for Sherry Pina** |

65 Chipaway Rd
Freetown, MA 02717

| MLS # | 72155500 |
|---|---|
| Status | Sold |
| List Price | $339,900 |
| Sale Price | $339,900 |
| List Date | 4/30/2017 |
| Off Market Date | 5/15/2017 |
| Sale Date | 6/14/2017 |
| Days on Market | 15 |
| Style | Raised Ranch |
| Bedrooms | 3 |

| | |
|---|---|
| Half Baths | 0 |
| Total Rooms | 7 |
| Square Feet | 2657 |
| Acres | 1.3 |
| Lot Size (sq.ft.) | 56628 |
| Year Built | 1988 |
| Fireplaces | 0 |
| Garage Spaces | 3 |
| Garage Desc | Attached, Detached, Barn |
| Basement Desc | Full |
| Int. Features | |
| Ext. Features | Porch, Deck, Patio, Pool - Ing... |
| Sewer & Water | |
| Waterfront | |
| Beach Desc | |
| Assessed Value | $369,300 |
| Taxes | $4,919 |
| Tax Year | 2017 |

↩ Reply all | ∨    🗑 Delete    Junk | ∨    •••

✕

**Net Proceeds of Sale**

7/13/2017

| Seller's Name: Sherry Pina | PRICE RANGE | |
|---|---|---|
| Property Address: 181 Braley RD, Freetown, MA | LOW | HIGH |
| | | |
| Sale Price | $308,149 | $323,951 |
| Loan Amount/Debt Owed on Property | $0 | $0 |
| Net Equity in Property (Sales Price - Loan Amount) | $308,149 | $323,951 |
| | | |
| Estimated Selling/Closing Costs | | |
| Brokerage Fee | $15,407 | $16,198 |
| Smoke Detector Inspection | 20 | 20 |
| Attorney Fees | 300 | 300 |
| Misc.(Mortgage payoff, courier | 100 | 100 |
| Approximate Total Costs | $15,827 | $16,618 |
| | | |
| Estimate of Seller's Proceeds | $292,322 | $307,333 |

---

**www.TetraultRealty.com * Phone: 508-995-2073**

---

-------------------------------------------------------------- CONFIDENTIALITY NOTICE: This e-mail, including any attachments, may contain confidential, privileged and/or proprietary information which is solely for the use of the intended recipient(s). Any review, use, disclosure, or retention by others is strictly prohibited. If you are not an intended recipient, please contact the sender and delete this e-mail, any attachments, and all copies.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  **Sherry Pina**                              Case No.  17-12858
                                                       Chapter 13

## Instructions to Debtor(s):

A.      Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of
        the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all
        creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all
        pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official
        Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of
        Service.  Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B.      **If in the Plan you request:**
        **(1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in
        Part 1, Line 1.1); and/or**
        **(2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the
        box "Included" in Part 1, Line 1.2 ),**

        **you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, ALSO serve
        a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates
        in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of
        Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").**

C.      If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving
        creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on March 14, 2018 and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we  served
by first class United States mail  a copy of this Plan to the on the parties on the attached list.

                                        By the Debtor(s):

                                        **/s/ Richard D. Smleloff**
                                        Richard D. Smeloff
                                        BBO# 567869
                                        Smeloff & Associates
                                        500 Granite Ave
                                        Suite 7 & 8
                                        Milton MA 02186
                                        (617) 690-2124
                                        rsmeloff@msn.com

**Eversource**
**1 Nstar Way**
**Westwood, MA 02090**

**FIA Card Services, NA**
**PO Box 982284**
**El Paso, TX 79998**

**Hawthorn Medical Associates**
**92 Bolt St # 1**
**Lowell, MA 01852**

**Ocwen Loan Servicing LLC**
**Attn: Bankruptcy Department**
**PO Box 24605**
**West Palm Beach, FL 33416**

**United Consumer Finance**
**150 W Grove Street**
**Middleboro, MA 02346**

**Yellin & Goldner**
**2000 Commonwealth Ave.**
**Auburndale, MA 02466**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:    **Sherry Pina**                                    Case No.  **17-12858**
                                                            Chapter 13

**Instructions:**

**This form must be used if in the Plan the debtor(s) requests:**

   **(1) to limit, modify, or determine the value of a secured claim (the debtor(s) checked the box
   "Included" in Part 1, Line 1.1); and/or**
   **(2)  to avoid a lien or security interest (the debtor(s) checked the box "Included" in Part 1, Line
   1.2 ).**

**Service must be made pursuant to Fed. R. Bankr. P. 7004. Please note, service made by personal
service, by residence service, or pursuant state law must be made by a person at least 18 years of age
who is not a party to this proceeding.  Attach hereto a list of the parties served indicating for each
which of the types of service were utilized.**

**AFFIDAVIT OF SERVICE OF CHAPTER 13 PLAN**

      I, Richard D. Smeloff certify that service of a copy of this Plan was made on the creditors and in
the manner set forth in the attached list on March 14, 2018.

      If service was made by personal service, by residence service, or pursuant to state law, I further
certify that I am, and was at all times during the service of a copy of this Plan, not less than 18 years of
age and not a party to the matter concerning which service was made.

      I declare that the foregoing is true and correct under penalty of perjury.

Dated:  March 14, 2018                          **/s/ Richard D. Smleloff**
                                                Richard D. Smeloff
                                                BBO# 567869
                                                Smeloff & Associates
                                                500 Granite Ave
                                                Suite 7 & 8
                                                Milton MA 02186
                                                (617) 690-2124
                                                rsmeloff@msn.com

CERTIFIED U.S. POSTAL

**FIA Card Services, NA**
**ATTN: CEO**
**PO Box 982284**
**El Paso, TX 79998**

**Yellin & Goldner**
**2000 Commonwealth Ave.**
**Auburndale, MA 02466**